IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-30736
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BRUCE H. PERRIN,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:05-CR-16-ALL

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Bruce Perrin pleaded guilty to two counts of receipt of child pornography

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and one count of possession of child pornography. United States v. Perrin, 478 F. 3d 672, 674 (5th Cir. 2007). The district court determined that Perrin's guideline sentence range was 108-35 months of imprisonment with a statutory minimum of 60 months. Id. at 674-75. The court sentenced Perrin to the statutory minimum, stating four reasons for imposing a sentence below the recommended range. Id. at 675. On direct appeal, this court vacated the sentence, finding that "each of the four reasons given for the departure was improper" and that "no justification remains for the significant departure from the guideline range." Id. at 679.

At resentencing, the district court stated that the decision from this court on direct appeal had held that a sentence within the guideline range must be imposed. The court then imposed a sentence of 108 months, the bottom of the range.

In Gall v. United States, 128 S. Ct. 586, 595 (2007), the Court rejected the notion that a district court needs extraordinary circumstances to justify a deviation from the guideline range. In making its sentencing decision, a court should use the range as "the starting point and the initial benchmark" but should consider all the sentencing factors in 18 U.S.C. § 3553(a). Gall, 128 S. Ct. at 596. In reviewing a sentence, we first determine whether the decision was procedurally sound. See Gall, 128 S. Ct. at 597.

The government has requested that the sentence be vacated and remanded for resentencing because the district court's statement that this court's decision on direct appeal mandated a sentence within the guideline range is a procedural error under Gall. The government notes that this reasoning holds even if the district court misinterpreted this court's mandate.

We agree. The sentence is VACATED and REMANDED for resentencing in accordance with Gall. We note that the district court did not have the benefit of Gall when it imposed the sentence on remand.